IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 06-4097-MWB |
| vs. | ) | |
| KENYATTA DRAINE, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTIONS IN LIMINE**

COMES NOW the United States, by and through undersigned counsel, with the following response to defendant's motions in limine regarding his criminal history and certain audio recordings.

<u>Criminal History</u>

In April of 2002, the defendant entered a plea of guilty to felony marijuana distribution charges in Oklahoma. The defendant seeks to prevent evidence regarding this prior conviction from reaching the jury, arguing that it is unfairly prejudicial and irrelevant to the current charge. Despite the defendant's argument, Eighth Circuit law is to the contrary.

> Evidence of Spears's prior drug conviction was relevant to show Spears's knowledge and intent, which were essential elements of the instant offense. Admissibility also is supported because Spears's 2000 conviction for manufacture and delivery of cocaine was similar in kind and close in time to the instant offense. To guard against potential prejudice, the district court gave a limiting instruction to the jury that the evidence of Spears's prior conviction should be considered only on the issues of knowledge and intent. Accordingly, evidence of Spears's prior drug crime

1

> was highly probative as to Spears's knowledge and intent to commit the
> instant drug offense and outweighed any potential undue prejudice.

*United States v. Spears*, 469 F.3d 1166, 1170 (8th Cir. 2006).

> Evidence of [prior] drug convictions was relevant to the issue of
> [defendant's] knowledge and intent, both elements of the charged offense.
> *United States v. Adams*, 401 F.3d 886, 894 (8th Cir.) (prior convictions for
> possessing and distributing drugs are relevant under Rule 404(b) to show
> knowledge and intent to commit a charge of conspiracy to distribute
> drugs) *cert. denied,* --- U.S. --- , 126 S.Ct. 492, 163 L.Ed.2d 373 (2005).
> The convictions are also similar in kind and close in time to the charged
> conspiracy to manufacture methamphetamine from March through May
> 2000, for which Hessman was tried. *See id.* (four-year interval found to be
> "well within the bounds of admission") (quoting, *United States v. Frazier,*
> 280 F.3d 835, 847 (8th Cir. 2002)).

*United States v Hessman*, — F.3d —, 2007 WL 2067846 (Iowa, July 20, 2007). See also *United States v. Shurn*, 183 Fed.Appx. 598 (8th Cir. 2006) ( "'When the defendant in a drug prosecution denies the charged wrongdoing, . . . evidence of past drug convictions is admissible to prove both knowledge and intent.' *United States v. Love,* 419 F.3d 825, 828 (8th Cir. 2005) (citing *United States v. Foster,* 344 F.3d 799, 801 (8th Cir. 2003))."

As with the above cited cases, the defendant's prior conviction involves activity that is similar in kind and close in time to the charged conduct. The prior conviction is for marijuana distribution and is from 2002. The current charges involve marijuana distribution with a charging period of 2003 through 2006. The circumstances of this case, when viewed in light of the applicable case law, demonstrate that evidence of

defendant's prior conviction is relevant and not unfairly prejudicial. The defendant's motion should be denied.

The government has no objection and would join in any request that the Court issue a limiting instruction either at the time the evidence is introduced, with final instructions, or both.

Audio Tapes

The defendant seeks to suppress portions of tape recordings described as "prologues" and "epilogues" containing conversations/instructions of police officers. The government has no objection to this request and intends to offer only those portions of the recordings containing relevant statements of either the defendant or co-conspirators.

The defendant also seeks to suppress tapes on the basis that they are of poor quality and essentially inaudible. As far as the tapes recorded by a body wire worn by a confidential source the defendant is correct. Background noise prevents the vast majority of the conversations recorded during the controlled buy from being audible. As to the recordings obtained during the actual controlled buy, the government has no objection. However, there are tapes of phone conversations between the defendant and the confidential source setting up the controlled buy and between a co-conspirator and a different confidential source wearing a body wire which are quite clear. The government does intend to offer these recordings. The statements of the co-conspirator, Adolfo Sierra, are admissible pursuant to Federal Rules Evidence

3

801(d)(2)(E), statement by a co-conspirator. The statements of the second confidential source, Shad Derby, are admissible as they are excluded from the definition of hearsay set forth in Federal Rules Evidence 801(c) as they are not offered for the truth of the matter asserted. Rather, they are offered to "enure the completeness and intelligibility" of Sierra's statements. *United States v. King*, 351 F.3d 859, 865 (8th Cir. 2003); *United States v. Stelten*, 867 F.2d 453, 454 (8th Cir. 2003). The fact that Derby "was acting under the direction and surveillance of government agents to obtain evidence against the co-conspirators" does not affect the admissibility of Sierra's statements because of the fact Derby "allied himself with the government 'has no effect on the continuing conspiratorial efforts of his former associates who remain at large' and does not bar admission of his statements under Rule 801(d)(2)(E)." *United States v. Lewis,* 759 F.2d 1316, 1348 (8th Cir. 1985). *United States v. King*, 351 F.3d at 865.

To the extent not agreed to by the government, the defendant's motion for suppression of recorded evidence should be denied.

Respectfully submitted,

MATT M. DUMMERMUTH
United States Attorney

By: s/Robert A. Knief

ROBERT A. KNIEF
Assistant United States Attorney
600 4th Street, Ste. 670
Sioux City, IA  51101
(712) 255-6011
(712) 252-2034 (fax)
Robert.Knief@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

    Robert Tiefenthaler

UNITED STATES ATTORNEY

BY:   s/Jean Wordekemper

5